# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KANDICE HERNDON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 5:23-cv-00917-FB |
| | § | |
| SASSTASS & THE POUR HORSE MOBILE | § | **JURY TRIAL DEMANDED** |
| BAR CO., LLC d/b/a  THE POUR HORSE, | § | |
| MOBILE BAR CO. and d/b/a THE POUR | § | |
| HORSE CUSTOM BUILDS and | § | |
| TASSIE GRANTHAM | § | |
| | § | |
| Defendants. | § | |
| | § | |

## <u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Kandice Herndon ("Plaintiff") hereby moves the Court for entry of a default judgment against Defendant Tassie Grantham (hereinafter "Defendant" or "Grantham"). Plaintiff's Motion is based on the attached declarations, the pleadings and other filings in this action, and such other additional arguments and evidence presented herein.

### I.    Procedural Background

Plaintiff initiated this action on July 24, 2023 against Defendants SassTass & The Pour Horse Mobile Bar Co., LLC, a Texas limited liability company, d/b/a The Pour Horse, Mobile Bar Co. and d/b/a The Pour Horse Custom Builds ("Pour Horse") and Tassie Grantham, who was the

sole member and manager of Pour Horse during the time period at issue in this lawsuit. Dkt. Nos. 1, 2.[1]

On July 25, 2023, summons issued for both Defendants. Dkt. No. 4. On July 27, 2023, Plaintiff served the summons and complaint on Defendant Pour Horse through its registered agent, Legalinc Corporate Services, Inc., via process server. Dkt. No. 5. Defendant Pour Horse did not answer or otherwise respond by its August 17, 2023. On September 4, 2024, the Court entered a default judgment order against Defendant Pour Horse. Dkt. No. 11.

After several unsuccessful attempts to serve Grantham, Plaintiff filed a Motion for Substitute Service on September 11, 2023. Dkt. No. 8. On September 1, 2024, the Court granted Plaintiff's Motion for Substitute Service. Dkt. No. 10. On September 11, 2024, at 9:03 am, Defendant Grantham was personally served the summons, Original Complaint, Supplemental Complaint, and Order Granting Plaintiff's Motion for Substitute Service by process server. Dkt. No. 12. Defendant Grantham was properly served. Plaintiff filed the Return of Service with the Court. Dkt. No. 12.

Defendant Grantham's deadline to answer or otherwise respond was October 2, 2024. Grantham did not answer or otherwise respond by October 2, 2024. *See* **Exhibit A** (Declaration of Julie P. Bell). Plaintiff filed a Request for Entry of Default on October 4, 2024. Dkt. No. 13. The Clerk of Court entered default against Defendant Grantham on February 26, 2025. Dkt. No. 14. As of the filing of this Motion, Defendant Grantham has not filed an answer or otherwise made an appearance in this lawsuit. **Exhibit A**.

To the best of Plaintiff's knowledge, Defendant Grantham is not in the military, not an incompetent person, and not an infant. **Exhibit A**; *see also* Fed. R. Civ. P. 55(b)(2).

---

[1] Dkt. No. 1 is Plaintiff's Original Complaint. Dkt. No. 2 is Plaintiff's Supplemental Complaint, which contains an exhibit referenced in Plaintiff's Original Complaint that was inadvertently left out of the Original Complaint filing.

## II.    Default Judgment

Default pursuant to Federal Rule of Civil Procedure 55 "is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Capital Asset Servicing, Inc. v. Huerta*, CA No. SA-15-CV-1049-XR, 2016 U.S. Dist. LEXIS 184353, at *1-2 (W.D. Tex. Mar. 31, 2016). Step (1) already occurred. The Clerk of Court entered default against Defendant Grantham based on her failure to answer or otherwise defend. Dkt. No. 14.

With regard to entry of a default judgment, "the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the moving party's pleading sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, the moving party should receive." *Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2020 U.S. Dist. LEXIS 141420, at *8 (W.D. Tex. Aug. 7, 2020).

Here, entry of default judgment is warranted.

### A.    *Default judgment is procedurally warranted.*

District courts within the Fifth Circuit consider the following *Lindsey* factors to determine whether entry of a default judgment is procedurally warranted: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2020 U.S. Dist. LEXIS 141420, at *8 (W.D. Tex. Aug. 7, 2020) (quoting *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

Here, the *Lindsey* factors favor granting a default judgment. First, there are no material facts in dispute because Defendant Grantham did not timely file a responsive pleading. *See*

*Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.").

Second, Plaintiff is substantially prejudiced because Defendant Grantham's failure to answer frustrates the adversary process. *See Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 U.S. Dist. LEXIS 218735, at *4–5 (W.D. Tex. Nov. 23, 2020) ("[Defendant's] failure to appear and respond has ground the adversary process to a halt, prejudicing [Plaintiff's] interest in pursuing its claim for relief.").

Third, the grounds for default are clearly established because Defendant Grantham has not responded to the summons or complaint or the entry of default. *Hunsley v. Credit Sage, LLC*, No. MO:22-CV-249-DC-RCG, 2023 U.S. Dist. LEXIS 58176, at *6 (W.D. Tex. 2023) ("[T]he grounds for default are 'clearly established' since over the course of this case, Defendant has not responded to the summons and complaint, the entry of default, or Plaintiff's Motion for Default Judgment.").

Fourth, Defendant Grantham's default was not caused by good faith mistake or excusable neglect. Prior to the filing of this lawsuit, Plaintiff's attorney sent two demand letters to Defendant Grantham. **Exhibit A.** One of the demand letters was signed for by "Grantham." **Exhibit A**. Copies of these demand letters were also sent by email to thepourhorse@hotmail.com, which is the email used by Grantham to communicate with Plaintiff during the course of their business dealings, and was the email address that was listed on Pour Horse's website at https://www.thepourhorse.com/contact-us. **Exhibit A**; *see also* Dkt. No. 1-2. Grantham ignored these letters. **Exhibit A.** After the filing of this lawsuit, Plaintiff made several attempts to serve Grantham at the same address where the demand letters were sent and received by Grantham (16418 Ledge Rock St., San Antonio, Texas 78232) and at Defendant Pour Horse's physical business address (1334 S. General McMullen Blvd. Bldg. 3, San Antonio, Texas, 78237). Dkt.

No. 8. During these service attempts, the process server either spoke with someone who knows Grantham or left their contact information for Grantham. *Id.* On two occasions, Plaintiff's attorney also emailed Grantham's attorney, who represents Grantham and Pour Horse in a separate lawsuit, notifying him of this lawsuit and asking if he would accept service on behalf of Grantham. **Exhibit A**; *see also* Dkt. No. 8. Grantham's attorney read these emails but ignored the requests. **Exhibit A**. Further, when Grantham was personally served with the summons and the Original and Supplemental Complaint, the process server signed an Affidavit stating Grantham tossed the paperwork out onto her front lawn. Dkt. Nos. 12, 13. Everything indicates that Grantham is aware of this lawsuit and purposely choosing not to participate in this lawsuit. *Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2020 U.S. Dist. LEXIS 141420, at *13 (W.D. Tex. Aug. 7, 2020) (granting plaintiff's Motion for Default Judgment and noting that Defendants "failed to appear and participate, despite likely being aware of the case").

Fifth, a default judgment against Defendant Pour Horse would not be unduly harsh given its failure to respond to Plaintiff's Complaint, especially in light of Defendant knowing about this lawsuit. *Juarez v. H & K Steel Erectors Enters., LLC*, CA No. 4:22-cv-00169-O-BP, 2022 U.S. Dist. LEXIS 240306, at *10 (N.D. Tex. Nov. 3, 2022) ("[D]efault judgment against [Defendant] would not be too harsh a remedy given its failure to respond to [Plaintiff's] Complaint." (citing *Lindsey*, 161 F.3d at 893)); *see also Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, No. 3:16-cv-01889-M, 2017 F.3d at 893, at *2 (N.D. Tex. Jan. 26, 2017) ("Entering default judgment against [Defendants], who have taken no action to respond to this action, is not 'harsh.'" (citing *Lindsey*, 161 F.3d at 893)); *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) ("A willful default is an 'intentional failure' to respond to litigation.") (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

Sixth, because the other five factors adequately address the appropriateness of default in this case, the sixth factor is not relevant. *Boost Worldwide, Inc. v. Cobos*, No. EP-12-CV-0342-KC, 2012 U.S. Dist. LEXIS 200485, at *9 (W.D. Tex. 2012) ("The sixth Lindsey factor is a 'catch-all' factor that is subsumed by the other five factors. Because the other five factors adequately address the appropriateness of default in this case, this sixth factor is not relevant." (citation omitted)).

For these reasons, default judgment is procedurally warranted.

> **B.    *Plaintiff's Complaint sufficiently set out facts that entitled Plaintiff to relief.***

Plaintiff's Original Complaint and Plaintiff's Supplemental Complaint sufficiently set out facts that entitle Plaintiff to relief. Plaintiff's Original Complaint (Dkt. Nos. 1 and 2) is detailed and includes exhibits in support thereof. Plaintiff asserted causes of action against Defendant Grantham for, *inter alia*, violation of the Texas Deceptive Trade Practices Act under Tex. Bus. & Com. Code § 17.01 *et seq.* and negligent misrepresentation. Dkt. Nos. 1 and 2. Each of these causes of action are addressed in turn below.

> **i.    Texas Deceptive Trade Practices Act violations**

To succeed on her cause of action for violation of the Texas Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code § 17.01 *et seq.*, Plaintiff must prove (1) the Plaintiff is a consumer, (2) the Defendant violated a specific provision on the Act, and (3) the Defendant's action was a producing cause of plaintiff's damages. Tex. Bus. & Com. Code §§ 17.41–17.63; *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).

Plaintiff's allegations sufficiently support the first element of the DTPA claim. Under the DTPA, a consumer is an individual "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code § 17.45(4); *see also Amstadt v. United States Brass Corp.*,

919 S.W.2d 644, 649 (Tex. 1996). Plaintiff alleged that she is an individual that sought by purchase a mobile bar and design, build, and business start-up services from Defendant Pour Horse. Dkt. No. 1 at ¶¶ 2–21, 25, 42.

Plaintiff's allegations sufficiently support the second element of the DTPA. The DTPA outlines several types of violations that support a consumer's suit under the DTPA, including (1) Defendant committing a false, misleading, or deceptive act or practice under Tex. Bus. & Com. Code § 17.46, which includes but is not limited[2] to representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another, advertising goods or services with intent not to sell them as advertised, advertising goods or services with intent not to supply a reasonable expectable public demand, unless the advertisements disclosed a limitation of quantity, and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and plaintiff relied to their detriment on the act or practice (2) Defendant committing an unconscionable act under Tex. Bus. & Com. Code § 17.45(5) by taking advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and that resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated, and (3) violation of the tie-in statute under the Texas Business Opportunities Act ("BOA"), Tex. Bus. & Com. Code § 51.001 *et seq.*, and Plaintiff relied to their detriment on Defendant's action.

---

[2] Section § 17.46(b) contains the DTPA "laundry list" of acts that are considered "false, misleading, or deceptive acts or practices." However, courts are instructed to interpret § 17.46 broadly. *See Pennington v. Singleton*, 606 S.W.2d 682, 688 (Tex. 1980) ("A broad interpretation is warranted, however, due to human inventiveness in engaging in deceptive or misleading conduct. The legislature did not intend its express purpose of protecting consumers from false trade practices to be circumvented by those who would seek out loopholes in the Act's provisions. For this reason, the legislature initially provided consumers with an action under the 'catch-all' provisions of § 17.46(a), as well as for the violations listed in § 17.46(b).").

Plaintiff alleged that Defendants committed a false, misleading, or deceptive act or practice under Tex. Bus. & Com. Code §17.46 by misrepresenting that the services would start within a certain time with the intent to induce Plaintiff to give Defendant money, and Plaintiff relied on these misrepresentations to her detriment. Dkt. No. 1 at ¶¶ 20–23, 25, 27, 43. Plaintiff alleged that Defendants committed a false, misleading, or deceptive act or practice under Tex. Bus. & Com. Code §17.46 by misrepresenting that the services would be performed in a reasonable time, or that the services would be performed at all, and Plaintiff relied on these misrepresentations to her detriment. Dkt. No. 1 at ¶¶ 20, 23–24, 26–28, 44. Plaintiff alleged that Defendants committed a false, misleading, or deceptive act or practice under Tex. Bus. & Com. Code §17.46 by misrepresenting to Plaintiff that the entire payment was due under the contract when it was not, and for demanding payment of $794.00 over the contract price, and Plaintiff relied on these misrepresentations to her detriment. Dkt. No. 1 at ¶¶ 18, 25, 45. Plaintiff alleged that Defendants committed an unconscionable act under Tex. Bus. & Com. Code §17.45(5) by taking advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and that resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated because Plaintiff had no experience in the mobile bar industry or in starting her own business, whereas Defendants have extensive experience in the mobile bar rental industry and building mobile bars for third parties to start their mobile bar business. Dkt. No. 1 at ¶¶ 10–11, 14, 46.

Plaintiff further alleged sufficient facts to support that Defendant Pour Horse violated the Texas Business Opportunities Act ("BOA"), Tex. Bus. & Com. Code § 51.001 et seq., a DTPA tie-in statute. Under the BOA, a "business opportunity" means a sale or lease for an initial consideration of more than $500 of products, equipment, supplies, or services that will be used by or for the purchaser to begin a business in which the seller represents that: (1) the purchaser will

earn or is likely to earn a profit in excess of the amount of the initial consideration the purchaser paid; and (2) the seller will provide a sales, production, or marketing program. Tex. Bus. & Com. Code § 51.003.

      The BOA contains several requirements and prohibitions on sellers of business opportunities, including the following: (1) before a sale or offer for sale, including advertising, of a business opportunity, the seller must register the business opportunity with the secretary of state (Tex. Bus. & Com. Code § 51.051); (2) at least 10 business days before the time the purchaser signs a business opportunity contract or at least 10 business days before the receipt of any consideration by the seller, whichever occurs first, the seller of a business opportunity must provide the prospective purchaser with a written disclosure statement (Tex. Bus. & Com. Code § 51.151); (3) a seller may not employ a representation, device, scheme, or artifice to deceive a purchaser (Tex. Bus. & Com. Code § 51.301); and (4) a seller may not represent that the business opportunity provides or will provide income or earning potential unless the seller has documented data to substantiate the representation of income or earning potential and discloses the data to the purchaser when the representation is made (Tex. Bus. & Com. Code § 51.301). Violation of the BOA "is a false, misleading, or deceptive act or practice under Section 17.46" of the DTPA. Tex. Bus. & Com. Code § 51.302(a).

      Plaintiff alleged that she purchased a mobile bar along with design, build, and business start-up services for an initial consideration of $29,227.50 for Plaintiff to use to start her mobile bar rental business. Dkt. No. 1 at ¶¶ 10, 13–18, 21, 25, 42, 47. Plaintiff alleged Defendant Pour Horse represents that its purchasers are likely to earn a profit in excess of the money paid to Pour Horse and it will provide its clients with networking, marketing, and branding services, pricing guides, and contracts to help the client set up and promote its rental business. Dkt. No. 1 at ¶¶ 10,

13–18, 21, 25, 42, 47. Plaintiff alleged that Defendant Pour Horse has not registered the business opportunity with the Texas Secretary of State. Dkt. No.1 at ¶ 47; *see also* **Exhibit A**. Plaintiff alleged that Defendants never provided Plaintiff with a written disclosure statement containing the information required by the BOA. Dkt. No. 1. at ¶ 47. Plaintiff alleged that Defendants made misrepresentations of material fact by representing they would provide mobile bar design services, mobile bar build services, and businesses start-up services, and never provided those services. Dkt. No. 1 at ¶¶ 10, 17–18, 20–23, 26–28, 47. Plaintiff alleged that Defendants represented to Plaintiff that the business opportunity will provide income or earning potential and did not provide or disclose documented data to substantiate this representation to Plaintiff, which is prohibited under the BOA. Dkt. No. 1 at ¶¶ 10, 47.

Plaintiff's allegations sufficiently support the third element of the DTPA claim. Plaintiff alleged that the deceptive trade practices conducted by Defendants were the producing causes of Plaintiff's damages including the loss of $30,412, lost business opportunity, lost profits, and mental anguish damages. Dkt. No. 1 at ¶¶ 20, 22–25, 27–29, 31, 49.

Plaintiff's allegations, which must be taken as true, sufficiently support her claims for violations of the DTPA.

### ii.    Negligent Misrepresentation

To succeed on its cause of action for negligent misrepresentation, Plaintiff must prove (1) a representation made by a defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying

on the representation. *JPMorgan Chase Bank, NA. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653–54 (Tex. 2018).

Plaintiff alleged that Defendant Pour Horse made false representations to Plaintiff in the course of Defendant's business, and in a transaction in which Defendant had a pecuniary interest, that Defendant would build a custom mobile bar and provide business start-up services, and that Defendant would start building the mobile bar on a particular date. Dkt. No. 1 at ¶¶ 15–23, 25–29, 31, 61. Plaintiff alleged Defendant did not exercise reasonable care or competence in obtaining or communicating the information, Plaintiff justifiably acted in reliance on the representations and paid money to the Defendant, and Defendant's negligent misrepresentation proximately caused Plaintiffs injuries because no services were ever provided and Defendant refused to refund the money Plaintiff paid to Defendants. Dkt. No. 1 at ¶¶ 31, 62–64.

Plaintiff's allegations, which must be taken as true, sufficiently support her claim for negligent misrepresentation.

      *C.*     *Relief*

Plaintiff requests as relief monetary damages against Defendant Pour Horse and an award of the costs and reasonable and necessary attorney's fees Plaintiff incurred bringing this action.

Plaintiff is requesting $121,648 in monetary damages: $30,412 for actual damages and $91,236 for additional damages. Plaintiff requests actual damages in the amount of $30,412 for economic loss sustained by Plaintiff as a result of Defendant's violation of the DTPA and negligent misrepresentations. *See* **Exhibit B** (Declaration of Kandice Herndon). $30,412 represents the amount Plaintiff paid Defendants. **Exhibit B**.

Plaintiff is also requesting additional damages in the amount of $91,236 based on Defendant's knowing violations of the DTPA. Dkt. No. 1 at ¶ 50. Under the DTPA, if a defendant's

conduct was committed knowingly, the plaintiff may be awarded up to three times the amount of economic damages. Tex. Bus. & Com. Code § 17.50 (b)(1). Under the DTPA, "knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim. *Smith v. Chrysler Grp., LLC*, No. 1:15-CV-218, 2016 U.S. Dist. LEXIS 184547, at *10 (E.D. Tex. 2016) (quoting Tex. Bus. & Com. Code § 17.45(9)). "[A]ctual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness." *Id.* at *11 (quoting Tex. Bus. & Com. Code § 17.45(9)).

Plaintiff alleged that Defendant made knowing violations of the DTPA by making false, misleading, and deceptive representations concerning the project start time, services that would be rendered, and the amounts due under the contract; Defendant knowingly committing unconscionable acts; and Defendants knowingly violated the BOA. Dkt. No. 1 at ¶¶ 10–12, 14–15, 17, 20, 22–29, 43–46, 50; *see also Heritage Auctions v. Hopp*, Civil Action No. 3:10-cv-482-O, 2011 U.S. Dist. LEXIS 173697, at *12 (N.D. Tex. 2011) (awarding additional damages under the DTPA where the request in the motion for default judgment was consistent with the additional damages alleged in plaintiff's complaint). Plaintiff also alleged that as a result of Defendants' numerous material and knowingly misrepresentations regarding the start of the project, and Defendants' refusal to refund the $30,412 despite rendering no services under the contract, Herndon was forced to forego her plans of opening a mobile bar rental business, lost out on profits that would have been generated by said business, and accrued significant debt. Dkt. No. 1 at ¶¶ 31, 50; *see also* **Exhibit B**.

There is further evidence that Defendant Grantham has a history of knowingly making misrepresentations to induce customers to give her money. Grantham and Pour Horse are

defendants in a separate lawsuit, *Lauren Koon and Austin Koons v. SassTass & The Pour Horse, Mobile Bar Co., LLC and Tassie Grantham*, Cause No. 2022-1325-CCL2, in the County Court at Law #2, Gregg County, Texas. *See* Exhibit 1 to **Exhibit A**. The causes of action asserted against Defendants include claims for breach of contract, DTPA violations, and negligent misrepresentation. The plaintiffs in this state lawsuit allege, *inter alia*, that they overpaid Grantham after Grantham sent them an invoice that misrepresented the amount due under a contract between the parties and regarding a mobile bar. *See* Exhibit 1 to **Exhibit A** at ¶¶ 21, 23–24, 30. Upon realizing the overpayment, the plaintiffs brought the overpayment to Grantham's attention, but Grantham refused to return the overpayment. *See* Exhibit 1 to **Exhibit A** at ¶¶ 23–24, 26, 30.

The undersigned attorney has also received numerous communications from third parties who fell victim to Defendants Grantham's knowing misrepresentations. No less than four third parties reached out to the undersigned attorney and stated they paid Grantham money to build a mobile bar cart, but Grantham never built or provided these third parties with a mobile cart and Grantham either refused to reimburse their money or ignored their request for reimbursement. **Exhibit A**. The amount each of these third parties paid to Grantham ranges from $10k-$40k. **Exhibit A**. Complaints have also been made online regarding Grantham and Pour Horse taking tens of thousands of dollars from customers to build a mobile bar but never producing a finished mobile bar. *See* Exhibit 2 to **Exhibit A**.

Plaintiff is also requesting an award of costs and reasonable and necessary attorney's fees. Dkt. No. 1 at ¶¶ 40, 51. Under the DTPA, prevailing plaintiffs must be awarded their reasonable and necessary attorney's fees. Tex. Bus. & Com. Code § 17.50(d) ("Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees."). Plaintiff alleged that

proper written notice of Plaintiff's DTPA claims was given to Defendants at least 60 days before filing this lawsuit. Dkt. No. 1 at ¶ 51; Dkt. No. 2-1.

Plaintiff appends hereto a declaration from its attorney of record attesting that Plaintiff incurred $20,530.43 in costs and reasonable and necessary attorney's fees through January 2025 in connection with this action. *See* **Exhibit A**.[3] Redacted copies of the invoices Plaintiff received from its law firm describing the time spent and work performed are also appended hereto as an exhibit to the declaration by Plaintiff's attorney. Plaintiff respectfully requests the court award Plaintiff $20,530.43 in costs and attorney's fees.

Plaintiff is also requesting post-judgement interest on all amounts awarded against Defendant Pour Horse at rate of 4.05% per annum, compounded annually, from the date of judgment until the judgment is paid in full. *See Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991) (pointing out that "[p]ostjudgment interest on money judgments recovered in federal district court is governed by 28 U.S.C. § 1961(a)" and "direct[ing] the district court to award post-judgment interest on the entire amount of the final judgment, including damages, prejudgment interest, and attorney's fees"); United States District Court for the Western District of Texas, Post Judgment Interest Rates (Weekly), https://www.txwd.uscourts.gov/for-attorneys/post-judgment-interest-rates-weekly/ (reporting that the post judgment interest rate as of March 7, 2025 is 4.05%).

---

[3] The Declaration of Julie P. Bell in **Exhibit A** cites to a State Bar of Texas survey regarding San Antonio attorneys' average billing rate as support that the fees requested herein are reasonable. "Federal courts in Texas routinely take judicial notice of Texas State Bar surveys for calculating reasonable hourly rates." *Villarreal v. Saenz*, No. 5-20-CV-00571-OLG, 2022 U.S. Dist. LEXIS 241656, at *18–19 (W.D. Tex. Nov. 30, 2022).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays the Court enter a default judgment against Defendant Tassie Grantham, that finds Defendant Grantham violated the DTPA and made negligent misrepresentations; awards Plaintiff $30,412 in actual damages; finds Defendant Grantham's conduct was knowingly and awarding Plaintiff additional damages in the amount of $91,236; awarding Plaintiff $20,530.43 in costs and attorneys' fees; awarding post judgment interest; and granting any further additional relief, at law or in equity, as the Court deems proper and just.

Date: March 13, 2025

Respectfully submitted,

By: */s/* Julie P. Bell_____
Nick Guinn
Texas Bar No. 24087642
nick@gunn-lee.com
Julie P. Bell
Texas Bar No. 24116091
jbell@gunn-lee.com
GUNN, LEE & CAVE, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
Telephone: (210) 886-9500
Facsimile: (210) 886-9883

**ATTORNEYS FOR PLAINTIFF**