IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KANDICE HERNDON § § Plaintiff, § § VS. § SASSTASS & THE POUR HORSE MOBILE § BAR CO., LLC d/b/a THE POUR HORSE, § MOBILE BAR CO. and d/b/a THE POUR § HORSE CUSTOM BUILDS and TASSIE § GRANTHAM, § § Defendants. § | CIVIL ACTION NO. SA-23-CV-0917-FB |

**DEFAULT JUDGMENT PURSUANT TO RULE 55**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Before the Court is Plaintiff's Motion for Default Judgment filed March 13, 2025 (docket #15). Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Kandice Herndon asks the Court for entry of a default judgment against Defendant Tassie Grantham. Based on a review of the motion and the file in this case, the Court finds the following:

Plaintiff initiated this action on July 24, 2023, and summons issued on July 25, 2023. On July 27, 2023, Plaintiff served the summons and complaint on Defendant Pour Horse through its registered agent, Legalinc Corporate Services, Inc., via process server (docket #5). Defendant Pour Horse was properly served making August 17, 2023, its deadline to answer or otherwise respond to Plaintiff's Complaint. Defendant Pour Horse failed to appear, answer or otherwise respond. On August 23, 2023, the Clerk of Court entered default against Defendant Pour Horse finding that the records show that summons had been served upon the Defendant Pour Horse, and based upon the declaration of counsel for the Plaintiff and other evidence required by Rule 55(a) of the Federal

Rules of Civil Procedure, that Defendant Pour Horse failed to plead or otherwise defend in this action as directed in said Summons and as provided in the Federal Rules of Civil Procedure. On September 4, 2024, a Default Judgment pursuant to Federal Rule of Civil Procedure 55 was entered as to Defendant SassTass & The Pour Horse Mobile Bar Co., LLC, a Texas limited liability company, d/b/a The Pour Horse, Mobile Bar Co. and d/b/a The Pour Horse Custom Builds Pour Horse.

After several unsuccessful attempts to serve Defendant Grantham, Plaintiff filed a Motion for Substitute Service on September 11, 2023, which this Court granted. On September 11, 2024, at 9:03 a.m., Defendant Grantham was personally served the summons, Original Complaint, Supplemental Complaint, and Order Granting Plaintiff's Motion for Substitute Service by process server (docket #12). Defendant Grantham's deadline to answer or otherwise respond was October 2, 2024. On October 4, 2024, Plaintiff filed a Request for Entry of Default, and the Clerk of Court entered default against Defendant Grantham on February 26, 2025 (docket #14). To date, the record reflects that Defendant Grantham has not filed an answer or otherwise made an appearance in this lawsuit.

To the best of Plaintiff's knowledge, Defendant Grantham is not in the military, is not an incompetent person, is not a minor, and the entry of a default judgment in this case is procedurally warranted and appropriate under the circumstances. Therefore, by Defendant Tassie Grantham's default, Defendant Grantham has admitted all of Plaintiff Kandice Herndon's well-pleaded facts in Plaintiff's Original Complaint and Plaintiff's Supplemental Complaint (docket numbers 1 and 2) and Plaintiff has pleaded a viable cause of action for violations of the Deceptive Trade Practices Act (DTPA) and negligent misrepresentation. Accordingly, Plaintiff Kandice Herndon is entitled to recover actual damages along with post-judgment interest thereon and reasonable and necessary

attorneys' fees and costs as a result of the DTPA violations and negligent misrepresentation by Defendant Grantham.

Based on the foregoing and the facts, arguments, authorities, and evidence contained in the Motion, the Court finds Plaintiff's Motion for Default Judgment (docket #15) has merit and is hereby GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Plaintiff Kandice Herndon have judgment against Defendant Tassie Grantham as follows:

1. Having been adjudged to be in default, Defendant Grantham' actions render Defendant Grantham liable for the Texas Deceptive Trade Practices Act under Texas Business and Commerce Code § 17.01 *et seq*. and negligent misrepresentation under Texas law.

2. Defendant Grantham's conduct under the Texas Deceptive Trade Practices Act was committed knowingly.

3. Plaintiff incurred $20,530.43 in costs and reasonable and necessary attorneys' fees in connection with this action.

4. Plaintiff is awarded, and Defendant Grantham shall pay Plaintiff, $30,412 in actual damages.

5. Plaintiff is awarded, and Defendant Grantham shall pay Plaintiff, $91,236 in additional damages under Texas Business and Commerce Code § 17.50 (b)(1).

6. Plaintiff is awarded, and Defendant Grantham shall pay Plaintiff, $20,530.43 in costs and reasonable and necessary attorneys' fees.

7. Post judgment interest awarded from the date of entry of this Judgment to the date the Judgment is satisfied in full at the applicable rate pursuant to 28 U.S.C. § 1961(a)

      which is 4.09%, the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Judgment.

8.    This Court retains jurisdiction over this matter as it relates to compliance with this Order.

9.    Having disposed of all claims against all parties, this case is now CLOSED. Motions pending, if any, are DISMISSED.

It is so ORDERED.

SIGNED this 31st day of March, 2025.

                                          _____
                                          FRED BIERY
                                          UNITED STATES DISTRICT JUDGE